COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


LISA ELAINE IRWIN CRUZ
                                        MEMORANDUM OPINION[*]
v.   Record No. 0358-96-1                  PER CURIAM
                                         DECEMBER 10, 1996
ALLEN KEITH CRUZ


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Thomas S. Shadrick, Judge

        (Andrew R. Sebok, on brief), for appellant.

        No brief for appellee.


     Lisa E. Cruz (wife) appeals the decision of the circuit court denying her motion seeking a third paternity blood test at a new laboratory.  Upon reviewing the record and wife's opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

     While wife seeks reversal of the trial court's decision, she also contends that there is no written statement of facts sufficient to provide a basis to determine the issues on appeal because the trial court failed to satisfy the requirements of Rule 5A:8.  Contrary to wife's assertion, the record contains "Respondent's Statement of Facts as Corrected by the Court," signed by the trial judge.  This written statement is sufficient to satisfy the requirements of Rule 5A:8 and provides sufficient

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

factual bases to address wife's substantive issue.

The record demonstrates that an initial paternity blood test conducted by a laboratory indicated that Allen Keith Cruz (husband) was not the father of wife's child. Following an evidentiary hearing, the trial court ordered a second blood test to be performed by the same laboratory. The second test also indicated that husband was not the father.

At the evidentiary hearing, wife admitted having unprotected intercourse with husband and protected intercourse with another man, John Anthony Maldonado. Maldonado also testified and admitted having intercourse with wife, although he could not recall whether it was protected. Maldonado later told wife he had tested positive for HIV. Wife twice tested negative for HIV.

Wife's claimed basis for seeking a third paternity test at a different laboratory was that there was no man other than husband who had an opportunity to impregnate her. That basis was not supported by the evidence. Therefore, the trial court did not err in denying wife's motion.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>